UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Deer River Development, Inc.,
Craig Wilson and Lisa Wilson,

Plaintiffs,

vs.

Cincinnati Insurance Companies,

Defendant.

Civ. No. 02-282 (RHK/RLE)

**STIPULATION TO EXTEND DISCOVERY AND EXPERT DISCLOSURE DEADLINE**

---

**WHEREAS** Plaintiff's brought a motion to compel discovery and to extend the discovery deadline on or about October 31, 2002;

**WHEREAS** Defendant ultimately provided the discovery prior to the hearing on Plaintiffs' motion and Defendant does not oppose Plaintiff's motion to extend discovery until January 31, 2003;

**WHEREAS** both parties, through no fault of their own, and despite due diligence, disclosed expert opinions after the court's deadline for disclosure of expert witnesses and both parties wish to utilize the testimony of said experts at trial;

**WHEREAS** the parties contemplate that Plaintiffs will take no more than two depositions during the extended discovery period and that the case will remain on the court's March trial ready calendar despite this stipulation;

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the parties hereto, through their respective counsel, that:

1. The April 5, 2002 Pre-Trial Order, par. 1 discovery deadline of **November 1, 2002** should be changed/extended to **January 31, 2003**.

2. The April 5, 2002 Pre-Trial Order, par. VI concerning the parties disclosure of expert witnesses, setting Plaintiffs due by July 1, 2002 and Defendant's due by September 1, 2002 should be changed/extended as to both parties to **December 1, 2002**. However, Defendant shall have until December 20, 2002 to give to Plaintiffs the Defendant's estimates on the cost of remediation.

DEC 23 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Dated: Dec. 17, 2002

Mark L. Knutson, Atty. No. 57149
Attorney for Plaintiffs
AGNEW DRYER STORAASLI
KNUTSON & POMMERVILLE, LTD.
200 Sellwood Building
202 West Superior Street
Duluth, MN 55802
(218) 727-8451

Dated: Dec. 19, 2002

Douglas R. Archibald, Atty. No. 138769
Tamar N. Gronvall, Atty. No. 307166
Attorney for Defendants
TERHAAR, ARCHIBALD, PFEFFERLE
& GRIEBEL, LLP
300 First Avenue North, Suite 220
Minneapolis, MN 55401
(612) 573-3000

**ORDER**

Pursuant to the foregoing Stipulation,

IT IS HEREBY ORDERED: That the deadline to complete pre-trial discovery and disclosure of expert witnesses is extended according to the dates listed above. The case remains ready for trial as of 3/1/03. RHK

BY THE COURT:

Dated: 12/23/02

Honorable Richard Kyle
United States District Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

## NOTICE

The latest amendments to the federal rules of procedure, (Civil, Criminal, Appellate and Bankruptcy), went into effect on December 1, 2002. The new amendments and related committee notes can be found at www.uscourts.gov/rules/amendments0202.htm.

One change is particularly noteworthy. That is Rule 7.1 of the Federal Rules of Civil Procedure. This rule requires that corporations file a "disclosure statement" whenever they initially appear as a party in a federal court action. The Rule 7.1 Disclosure Statement must identify "any parent corporation and any publicly held corporation that owns 10% or more" of the stock of the corporate party filing the statement. The purpose of the disclosure statement is to help judges and magistrate judges identify potential conflicts of interest. (Similar disclosure statement requirements are prescribed by Rule 26.1 of the Federal Rules of Appellate Procedure and Rule 12.4 of the Federal Rules of Criminal Procedure.)

Beginning December 1, 2002, a Rule 7.1 Disclosure Statement must be filed by every corporation when it first appears in a federal action, even if the corporation merely reports that there is no parent corporation or publicly held corporation that owns 10% or more of its stock. These Disclosure Statements must also be filed retroactively, for every corporation which is a party to an action pending in this District as of December 1, 2002. The retroactive Rule 7.1 statements must be filed immediately.

It also should be noted that there have been extensive stylistic changes, (as well as a few substantive changes), to the Federal Rules of Criminal Procedure. Attorneys who appear in federal criminal cases should review the amended version of the Rules.